## COOPER *vs.* THE STATE OF GEORGIA.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. In a county court governed by local statute, it was not cause for discharging the prisoner that the solicitor representing the state had failed to sign the accusation as the statute requires until after arraignment had been waived, the parties had announced ready and the jury had been stricken, it not appearing that at the time the motion for discharge was made and the signature supplied, any of the jurors had been sworn. The court properly allowed the solicitor to sign then, and proceed with the trial, if the waiver of arraignment was not withdrawn, and no further time was requested to plead or prepare for trial.

2. The evidence was not insufficient, nor the punishment excessive.

Criminal law. Indictment. New trial. Before Judge WRIGHT. Dougherty County. At Chambers. February 21, 1879.

Reported in the opinion.

H. MORGAN, for plaintiff in error.

WILLIAM OLIVER, county solicitor; D. A. RUSSELL, for the state.

BLECKLEY, Justice.

1. The signature of the solicitor to the accusation was made requisite by the local statute applicable to the case. His omission to sign was not brought to the attention of the court until after arraignment had been waived, nor until both parties had announced ready, and the jury had been stricken. Whether any of the jurors had been sworn does not appear. At this stage, a motion was made to discharge the prisoner because the accusation was unsigned; which motion the court denied, but permitted the solicitor to sign then, and the trial proceeded. There is no suggestion that the waiver of arraignment was withdrawn, or that

further time was requested to prepare for trial. The announcement of ready, previously made, was left standing. Suppose that, instead of an unsigned accusation, there had been none at all, and that the various steps just recited had been taken, there certainly would have been no cause for turning the prisoner loose. The remedy in a criminal court for the want of the essential initiative pleading is to supply it if it can be supplied, and not to discharge the prisoner. He may be held in custody until it can be prepared. Where an indictment is necessary, he may be held until it can be sent to and acted upon by a grand jury. An accusation, under the local statute, is a substitute for an indictment; and so, if the solicitor had done nothing in the way of drafting it, and a trial had been entered upon without it, the prisoner would have had no right to be discharged, but the solicitor could have drawn it up at once and signed it, his signature being all the verification required. It is true that the trial, so far as it had progressed, would go for nothing if the prisoner chose to stand upon his strict rights. Now, the accusation being in the place of an indictment, and the signature of the solicitor being indispensable to its completeness, an unsigned accusation is just the same as none; and, therefore, in the present case the existence of the accusation is to be dated only from the time the signature was added. Undoubtedly, the prisoner was not bound by his previous waiver of arraignment, nor by his announcement of ready, nor by the selection made of the jury, and it was his privilege to recede from any or all of these premature steps. But he made no offer and signified no wish to recede. What he did was to move for a discharge; and his complaint now is, not that he was tried without actual arraignment or a fresh waiver, or without hearing from him over again as to readiness, or without a new strike or selection of the jury, but that his motion for discharge was denied, and that the solicitor was permitted to sign the accusation, and go on to try him. The real and only point which he made to the court was, that he was entitled to his

discharge because the accusation unsigned was fatally defective, and it was too late to sign it. The point was very properly ruled against him.

2. We are unable to pronounce that the evidence was insufficient to convict, or that the punishment adjudged was excessive.

The judge of the superior court did not err in refusing to sanction the petition for a *certiorari*.

Judgment affirmed.